IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-34,290-03






EX PARTE FRANKIE LEE HOGG, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


CAUSE NO. W02-55075-I IN CRIMINAL DISTRICT COURT NO. 2 

DALLAS COUNTY



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus that was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted of
the offense of aggravated robbery of an elderly person, and punishment, enhanced by two
prior felony convictions, was assessed at forty-three years' confinement. Applicant's
conviction was affirmed on appeal. Hogg v. State, No. 05-03-01600-CR (Tex. App.--Dallas,
delivered May 13, 2004, pet. ref'd).

 Applicant contends, among other things, that trial counsel was ineffective and that
the State failed to disclose evidence. On May 11, 2005, the trial court entered an order
designating issues, but no findings of fact or conclusions of law have been forwarded to this
Court. We believe that the application was prematurely forwarded to this Court. We also
believe that Applicant has alleged facts that, if true, might entitle him to relief. Therefore,
it is this Court's opinion that additional facts need to be developed and because this Court
cannot hear evidence, the trial court is the appropriate forum. The trial court shall resolve
those issues as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it may order
affidavits, depositions, or interrogatories from counsel or the State, or it may order a hearing.
In the appropriate case the trial court may also rely on its personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court shall then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether trial counsel was ineffective and whether the State failed to disclose evidence.
The trial court shall also make any further findings of fact and conclusions of law it deems
relevant and appropriate to the disposition of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within 45 days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
90 days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 3RD DAY OF MAY, 2006.





 

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.